IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE THOMAS CROUSE,** | : | CIVIL ACTION NO. 1:07-CV-1219 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **SOUTH LEBANON TOWNSHIP,** | : | |
| **PATROLMAN JAMES GROSS** in his | : | |
| official and individual capacity, and | : | |
| **GALEN BOYD,** | : | |
| Defendants | : | |

# **M E M O R A N D U M**

Presently before the court is a Rule 12(b)(1) motion to dismiss (Doc. 6) filed by defendant Galen Boyd ("Boyd"). The motion asserts that the court lacks subject matter jurisdiction to determine plaintiff George Thomas Crouse's ("Crouse") supplemental state law claim against Boyd for intentional infliction of emotional distress because the claim does not arise out of the same nucleus of operative facts as the claims asserted against the state actor defendants, South Lebanon Township and Patrolman James Gross. For the reasons that follow, the motion to dismiss will be denied.

The facts of this case may be summarized as follows.[1] In 2004, Crouse entered into a verbal residential lease agreement with Boyd by terms of which Crouse resided in a barn on Boyd's property, but utilized bathroom facilities in a

---

[1] For purposes of the instant motion to dismiss, the court will "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

nearby apartment building. In exchange, Crouse either paid Boyd $300 per month in rent or provided Boyd with labor as a farmhand in lieu of rent.

In January 2006, the landlord-tenant relationship deteriorated. Boyd purportedly began to harass Crouse by turning off his utilities and lodging complaints about Crouse with the South Lebanon Township police department. According to the complaint, Boyd ultimately convinced defendant James Gross to charge Crouse with trespassing. Crouse was arrested and placed in custody for several months until the felony trespassing charges were dismissed. Crouse subsequently instituted this action pursuant to § 1983 alleging various constitutional violations on the part of the state actor defendants as well as a related state law claim against defendant Boyd for intentional infliction of emotional distress.

In 1990, Congress enacted specific legislation expanding district courts' authority to exercise supplemental jurisdiction over related claims arising under state law. Pursuant to 28 U.S.C. § 1367, this court may exercise supplemental jurisdiction over related claims arising under state law if the non-federal claims are "so related to claims in the action . . . that they form part of the same case or controversy arising under Article III of the United States Constitution." In De Ascencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003), citing United Mineworkers v. Gibbs, 383 U.S. 715, 725 (1966), the Third Circuit approved the exercise of supplemental jurisdiction over state-law claims which "share a 'common nucleus of operative facts' with the claims that supported the district court's

2

original jurisdiction.".  See also Krell v. Prudential Ins. Co. of Am., 148 F.3d 283, 303 (3d Cir. 1998).  The De Ascencio court observed that "[s]upplemental jurisdiction promotes 'judicial economy, convenience and fairness to litigants'."  342 F.3d 301, 308 (quoting Gibbs, 383 U.S. at 726).  Guided also by the Third Circuit decision in Lyon v. Whisman, 45 F.3d 758 (3d Cir. 1995), the court notes the "fact-sensitive nature" of supplemental jurisdiction determinations.

In the instant case, Crouse alleges that Boyd engaged in a pattern of conduct which was intended to inflict emotional distress upon him, culminating in Boyd's instigation of criminal proceedings against Crouse under the auspices of the South Lebanon Police Department.  Essentially, Crouse alleges that Boyd improperly transmogrified a landlord tenant dispute into criminal trespass proceedings resulting in Crouse's arrest and incarceration.

Viewed in this context, the court has little difficulty in concluding that Crouse's claim for intentional infliction of emotional distress arises out of the same set of facts anchoring the federal question claim against the state actor defendants.  In this case, Boyd's efforts to terminate his residential lease with Crouse, evict Crouse, assert allegations of trespass against Crouse and instigate the filing of criminal proceedings are all interwoven with the alleged improper actions of the state actor defendants.  Under the circumstances, the common nucleus of operative facts is obvious.  The court also notes that its exercise of supplemental jurisdiction over Crouse's claim for intentional infliction of emotional distress will also promote "judicial economy, convenience and fairness to litigants."  Gibbs, 383 U.S. at 726.

Stated differently, the court sees no reason to relegate the state law claim to a parallel state proceeding involving essentially the same parties and witnesses.

An appropriate order will issue.

                                                          S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 24, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE THOMAS CROUSE,**            : | **CIVIL ACTION NO. 1:07-CV-1219** |
| **Plaintiff**            : | |
|                                       : | **(Judge Conner)** |
| v.            : | |
|                                       : | |
| **SOUTH LEBANON TOWNSHIP,**            : | |
| **PATROLMAN JAMES GROSS** in his       : | |
| official and individual capacity, and  : | |
| **GALEN BOYD,**            : | |
| **Defendants**            : | |

## **O R D E R**

AND NOW, this 24th day of October, 2007, upon consideration of defendant Galen Boyd's motion to dismiss (Doc. 6), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that said motion is DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge